*E-FILED - 6/17/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIFFORD M. MADDEN, ) | No. C 08-1907 RMW (PR) |
| ) | |
| Petitioner, ) | ORDER DENYING RESPONDENT'S MOTION TO DISMISS, GRANTING PETITIONER'S MOTION FOR LEAVE TO AMEND PETITION, AND REINSTATING ORDER TO SHOW CAUSE |
| v. ) | |
| ) | |
| B. CURRY, WARDEN, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | (Docket Nos. 3, 9) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a California Board of Parole Hearings ("Board") decision finding him unsuitable for parole. On September 29, 2008, respondent filed a motion to dismiss. Petitioner opposed the motion, while, at the same time, moving to amend his petition. Respondent filed a reply in support of its motion to dismiss. For the reasons stated below, the court DENIES respondent's motion to dismiss and GRANTS petitioner's motion for leave to amend, and REINSTATES the court's July 1, 2008 order to show cause.

**DISCUSSION**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28

1   U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975). A district court shall "award
2   the writ or issue an order directing the respondent to show cause why the writ should not
3   be granted, unless it appears from the application that the applicant or person detained is
4   not entitled thereto." 28 U.S.C. § 2243. Federal courts have a duty to construe <u>pro se</u>
5   petitions for a writ of habeas corpus liberally. <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th
6   Cir. 2001).

7   The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2242,
8   "allows for a habeas petition to be amended 'as provided in the rules of procedure
9   applicable to civil actions.'" <u>Hebner v. McGrath</u>, 543 F.3d 1133, 1137 (9th Cir. 2008).
10  Rule 15 of the Federal Rules of Civil Procedure, the civil rule governing amended
11  pleadings, permits petitioner to amend his petition "once as a matter of course" before a
12  responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Respondent's motion to dismiss
13  does not terminate petitioner's entitlement to amend his petition because the motion is not
14  a responsive pleading. See <u>Brewer-Giorgio v. Producers Video, Inc.</u>, 216 F.3d 1281,
15  1284 (11th Cir. 2000) ("the term 'responsive pleading' does not include such filings as a
16  motion to dismiss"). Thus, petitioner retains his right to amend "as a matter of course,"
17  even though respondent has moved to dismiss.

18  Respondent contends that the court should deny petitioner's request to file an
19  amended petition on the grounds that petitioner did not specify which parole
20  consideration hearing he is challenging, failed to state any specific facts in support of his
21  claim, and failed to provide case numbers in support of his claim that he had satisfied the
22  exhaustion requirement.

23  None of these contentions presents a sufficient ground for abrogating petitioner's
24  right to amend once "as a matter of course." The court does not have the discretion to
25  refuse petitioner's request to amend prior to the filing of a responsive pleading, whether
26  or not the proposed amendment would have any practical effect. See <u>Williams v. Bd. of</u>
27  <u>Regents of Univ. Sys. of Ga.</u>, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) ("[w]hen the
28

1  plaintiff has the right to file an amended complaint as a *matter of course* ... the plain
2  language of Rule 15(a) shows that the court lacks the discretion to reject the amended
3  complaint based on its alleged futility"). Furthermore, respondent's arguments are
4  rendered moot by the fact that petitioner provided the date of the Board hearing which he
5  is challenging in his opposition and amended petition. The amended petition otherwise
6  brings the same claims as the original one. Liberally construed, then, petitioner's
7  allegations are sufficient to require a response.

8  Accordingly, this court reinstates its order to respondent to SHOW CAUSE why the
9  petition should not be granted.

## CONCLUSION

11  1.   Respondent's motion to dismiss (docket no. 3) is DENIED.

12  2.   Petitioner's motion for leave to file amended petition (docket no. 9) is
13  GRANTED. The clerk of the court shall file the amended petition in the court file.

14  3.   The clerk shall serve by mail a copy of this order and the amended petition and
15  all attachments thereto upon the respondent and the respondent's attorney, the Attorney
16  General of the State of California. The clerk shall also serve a copy of this order on
17  petitioner.

18  4.   Respondent shall file with the court and serve on petitioner, within **sixty (60)**
19  **days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the
20  Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should
21  not be granted. Respondent shall file with the answer and serve on petitioner a copy of all
22  portions of the underlying state criminal record that have been transcribed previously and
23  that are relevant to a determination of the issues presented by the petition. If petitioner
24  wishes to respond to the answer, he shall do so by filing a traverse with the court and
25  serving it on respondent within **forty-five (45) days** of the date the answer is filed.
26  Should petitioner fail to do so, the petition will be deemed submitted and ready for
27  decision **forty-five (45) days** after the date petitioner is served with respondent's answer.

28  Order Denying Respondent's Motion to Dismiss, Granting Petitioner's Motion for Leave to Amend Petition, and
Reinstating Order to Show Cause
P:\PRO-SE\EXTERNS\PROSEex2\Summer09ProSeEx2\MaddenAmndmt.wpd                    3

5. Respondent may file a motion to dismiss on procedural grounds in lieu of Governing Section 2254 Cases within **ninety (90) days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **forty-five (45) days** of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within **fifteen (15) days** of the date the opposition is filed.

6. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 6/16/09

RONALD M. WHYTE
United States District Judge

Order Denying Respondent's Motion to Dismiss, Granting Petitioner's Motion for Leave to Amend Petition, and Reinstating Order to Show Cause
P:\PRO-SE\EXTERNS\PROSEex2\Summer09ProSeEx2\MaddenAmndmt.wpd        4