*E-FILED - 5/11/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GIFFORD M. MADDEN, | ) | No. C 08-1907 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY |
| vs. | ) ) ) | |
| B. CURRY, Warden, | ) ) | |
| Respondent. | ) ) | (Docket No. 14) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2006 decision by the California Board of Parole Hearings ("Board") in finding him unsuitable for parole. The court ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent filed a motion to dismiss the petition as lacking specificity and petitioner filed a motion to amend the petition. The court denied respondent's motion to dismiss and allowed petitioner to file his amended petition. Pending before the court is respondent's motion to dismiss based on timeliness grounds. Petitioner filed an opposition and respondent filed a reply. Based upon the papers submitted, the court concludes that the petition is untimely, GRANTS respondent's motion, and DISMISSES the instant petition.

Order Granting Respondent's Motion to Dismiss; Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.08\Madden907mtd.wpd

# BACKGROUND

In 1986, petitioner was sentenced to a term of fifteen years-to-life in state prison after he pleaded guilty to and was convicted in Fresno Superior Court of second degree murder. On May 8, 2006, the petitioner appeared before the Board for his parole eligibility hearing, in which the Board issued a denial. (MTD, Ex. 1, Ex. A.) On September 6, 2006, the Board's decision denying petitioner parole eligibility became final. (Id. at 110.) On August 6, 2007, petitioner filed a state habeas petition in superior court challenging the denial of his parole. (MTD, Ex. 1.) Petitioner filed state petitions through to the California Supreme Court, which denied his petition on February 13, 2008. (MTD, Ex. 2.) Petitioner thereafter filed the instant petition on March 21, 2008.[1]

# DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). AEDPA's one-year limitation period applies to all habeas petitions filed by state prisoners, even if the petition challenges a decision by an administrative board such as a parole board. Shelby v. Bartlett, 391 F.3d 1061, 1062-63 (9th Cir. 2004).

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Where, as here, the petition

---

[1] Respondent notes that although petitioner signed his petition on March 21, 2008, the mailing envelope was postmarked on April 7, 2008. For purposes of this motion, the court assumes that the signature date is the date petitioner delivered the petition to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988).

challenges an administrative action by a parole board, 28 U.S.C. § 2244(d)(1)(D) applies, and the limitations period begins to run on the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Shelby, 391 F.3d at 1066. A petitioner challenging an administrative proceeding learns of his claims on the day that his administrative appeal is denied. Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003). Here, that date is September 6, 2006. The statute of limitations began to run the next day. Id.

Petitioner argues that the Board's decision did not become final until thirty days after September 6, 2006 because Article V, Section 8 of the California Constitution permits the governor to reverse, modify or affirm any parole hearing decision. The Ninth Circuit's opinion in Redd does not discuss the gubernatorial review period but it clearly holds that, in cases where a California prisoner seeks federal habeas relief from an adverse parole decision, § 2244(d)(1)(D) applies to the limitations analysis. Redd, 343 F.3d at 1079, 1081-83. Redd also found that, for purposes of § 2244(d)(1)(D), the factual predicate for the prisoner's habeas claims is the date the Board's adverse decision becomes final, that is, the date it is no longer subject to further administrative review by the Board, not the date of the Board's initial decision or even its "effective date." Id. at 1082-83, 1085. Thus, although petitioner's argument has some facial appeal, it is flatly contradicted by Ninth Circuit law.

Here, the statute of limitations would have started to run on September 7, 2006, the day after the final decision. See 28 U.S.C. § 2244(d)(1)(D); Redd, 343 F.3d at 1084. Petitioner's federal habeas petition was due on September 6, 2007, but petitioner filed his petition on March 21, 2008. Absent tolling, the instant petition is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, petitioner filed a superior court petition on August 6, 2007, 334 days after the Board's final decision. The statute of limitations was tolled until February 13, 2008, when California Supreme Court denied petitioner's petition for review. See 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 220, 223 (2002). Petitioner filed his federal habeas petition on March 21, 2008, 37 days after the California

1 Supreme Court's decision.  Thus, 371 (334 + 37) days had elapsed between the date that
2 petitioner first learned of his claims and the date that petitioner filed his federal petition.   Even
3 with the benefit of statutory tolling, petitioner's federal petition was filed beyond the statute of
4 limitations by 5 days.
5    Further, although equitable tolling may be available in limited cases, there is no argument
6 or indication that petitioner is entitled to equitable tolling in this case.  As the instant petition was
7 filed after the limitations period expired, the instant petition must be dismissed as untimely.

## CONCLUSION

9    Respondent's motion to dismiss the petition as untimely (docket no. 14) is GRANTED.
10 The instant petition is DISMISSED pursuant to 28 U.S.C. § 2244(d).  The clerk shall terminate all
11 pending motions and close the file.

## CERTIFICATE OF APPEALABILITY

13    The federal rules governing habeas cases brought by state prisoners require a district court
14 that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA")
15 in its ruling.  See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective
16 December 1, 2009).  For the reasons set out in the discussion above, petitioner has not shown
17 "that jurists of reason would find it debatable whether the petition states a valid claim of the
18 denial of a constitutional right [or] that jurists of reason would find it debatable whether the
19 district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).
20 Accordingly, a COA is DENIED.

21    IT IS SO ORDERED.
22 DATED: 5/11/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge